UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERNEST WOODALL, | ) |
| *Petitioner*, | ) ) ) |
| v. | ) ) Case No. 23-cv-02464 (ACR) |
| PENNSYLVANIA, *et al.*, | ) ) ) |
| *Respondents.* | ) ) |

**MEMORANDUM AND ORDER**

Petitioner Ernest Woodall, proceeding *pro se*, is a Pennsylvania state prisoner. This matter is before the Court on his pleading titled "ENFORCEMENT OF FEDERAL LAW pursuant to 28 U.S.C. § 2241," Dkt. 1 (Petition), which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Reed v. Whitmer*, No. 1:22-CV-1653 (TNM), 2023 WL 2967795, at *2 (D.D.C. Apr. 17, 2023) (collecting cases). The Court lacks jurisdiction because the Petition is not properly brought in this District and is an improper successive petition.

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Such a petition may proceed only "in the district court for the district wherein such person is in custody or in the district court for the district [where] the State court was held which convicted and sentenced [petitioner,] and each of such district courts shall have concurrent jurisdiction to entertain the application." *Id.* § 2241(d). Further, to file a

1

second or successive petition, the petitioner first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007).

First, Petitioner has no recourse in this District. Habeas review under § 2254 is only available "in the district court for the district wherein such person is in custody or in the district court for the district [where] the State court was held which convicted and sentenced" Petitioner. 28 U.S.C. § 2241(d). Because Petitioner is a Pennsylvania state prisoner convicted and sentenced by a Pennsylvania state court, this Court does not have jurisdiction over his Petition.

Second, the Court finds that the Petition is successive. District courts lack jurisdiction over successive habeas petitions filed without an order from the "appropriate court of appeals . . . authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also Burton*, 549 U.S. at 157. Petitioner filed a prior unsuccessful § 2254 petition in the Western District of Pennsylvania. Petition, *Woodall v. Walsh, et al.*, (W.D. Pa. May 10, 2011) (2:11-cv-00607); Report and Recommendation, *id.* (Aug. 1, 2013); Memorandum Order, *id.* (Nov. 21, 2013). Consequently, no district court may entertain a subsequent petition filed without authorization from the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b)(3). Petitioner did not obtain the Third Circuit's authorization, so the Court lacks jurisdiction to consider the Petition's merits. *Burton*, 549 U.S. at 157.

Accordingly, it is hereby **ORDERED** that the petition for a writ of habeas corpus, Dkt. 1, is **DENIED**; and it is further **ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to close this case.

DATE: March 6, 2024

_____
ANA C. REYES
United States District Judge